IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| v. | ) | Crim. No. 21cr40 |
| | ) | Hon. Trevor McFadden |
| ROBERT MORSS, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF PRE TRIAL RELEASE

Comes now Defendant Robert Morss, by counsel, and moves the Court to reconsider its earlier denial of his pre-trial release.  By affirmatively prolonging the accomplishment of its discovery obligation while simultaneously insisting on pretrial confinement, the government forces a choice between two fundamental rights to which Defendant is equally entitled, his right to discovery and his right not to be punished pretrial.

**1. The Government has Unilaterally Created an Impermissible Delay in the Trial of January 6th Cases.**

In its pursuit of January 6th defendants, the Government has taken the apparently unprecedented step of reversing the normal order of prosecution.  It has charged and arrested before investigating.  The consequent rolling disclosure of discovery - with no reliable end date - prompted this Court to observe.

> "[M]y sense is there's just this tremendous kind of universe of discovery out there… and if that means, you know, at the end of the day that something gets missed before trial, then we might have to deal with that afterwards.
> And maybe that's a *Brady* issue…

Transcript of March 4, 2022 Status Hearing, at 9.

1

This circumstance – entirely of the Government's creation – presents defendants confined pretrial with the untenable choice between surrendering their due process right to discovery by expeditious resolution of their cases or languishing for however long it takes the Government to make up the time it should have expended prior to bringing the charges.  The practical effect is no different from the indefinite confinement suffered by terrorism detainees found to be impermissible by this very Court.

The Supreme Court considered the case of several detainees held for six years as "enemy combatants" and affirmed their right to seek *habeas* relief, remanding to this Court which granted same and released them.

> "The several answers to the charge of triumphalism might start with a basic fact of Anglo-American constitutional history: that power, first of the Crown and now of the Executive Branch of the United States, is necessarily limited… After six years of sustained executive detentions in Guantanamo, subject to *habeas* jurisdiction but without any actual *habeas* scrutiny, today's decision is no judicial victory, but an act of perseverance in trying to make habeas review, and the obligation of the courts to provide it, mean something of value both to prisoners and to the Nation.

*Boumediene v. Bush*, 553 U.S. 7233, 800-01 (2008) (Souter, concurring).

Albeit he is charged in an Article III court, Defendant Morss' pre trial detention (10 months at this point), through the unilateral choice of the Executive Branch to reverse the appropriate order of investigation and arrest, promises to be no less onerous than that deemed impermissible for men who were believed by the Government to have made the killing of Americans their life's work.  Must the vindication of Defendant's rights be left to another despairing "act of perseverance" by the Supreme Court?

2.  **Defendant's Pretrial Detention is Punitive**.

The unprecedented and uniquely troubling provenance of Defendant's extended pretrial detention aside, its particulars taken in concert squarely contravene the precedents establishing the requisites of pretrial detention.

Pretrial detention is by necessity not meant to be punitive.  *See, e.g.*, *United States v. Salerno*, 481 US 739, 747-48 (1987).   Nonetheless, the pre trial detention of Defendant unquestionably is by virtue of:

> a.   The duration of his detention;
>
> b.   Its practical effect of contravening his due process right to discovery, and
>
> c.   The abusive circumstances of his detention.

**(a) Duration of Pretrial Detention**

Pretrial detention is constitutional, provided it is administrative rather than punitive. *See Salerno*, 481 U.S. at 746-51; *Bell v. Wolfish*, 441 U.S. 520, 535-40 (1979). Whether detention is punitive rather than regulatory turns on "whether an alternative purpose to which [the detention] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose." *Wolfish*, 441 U.S. at 538.  Even valid pretrial detention that serves a regulatory purpose "assumes a punitive character when it is prolonged significantly." *United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir. 1986).

To determine whether pretrial detention has become excessively prolonged thereby violating due process, a court must assess the facts and circumstances of the individual case, "for the [due process] clause establishes no specific limit on the length of pretrial confinement." *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989).  While there is no

clear demarcation for when prolonged pretrial detention becomes punitive, due process considerations unquestionably come into play where a defendant has been detained pretrial for a year and is expected to be detained for considerably longer.  *See*, *e.g.*, *United States v. Gonzales Claudio*, 806 F.2d 334, 341 (2d Cir. 1986) ("Detention that has lasted for 14 months and, without speculation, is scheduled to last considerably longer, points strongly to a denial of due process."); *United States v. Zannino*, 798 F.2d 544, 548 (1st Cir. 1986) (stating "... we shall assume that in many, perhaps most, cases, sixteen months would be found to exceed the due process limitations on the duration of pretrial confinement").

### (b) Discovery Production Schedule Precludes Required Access to Discovery

Defendant's continued detention undeniably has a punitive component given the government's discovery production schedule.

The government's failure timely to provide discovery to January 6th defendants is born of an "imperfect" system that has left the government "just not certain how long" the complete disclosure of discovery will take.  March 4, 202 Transcript at 18.  As the Court recognized, this circumstance has been created by "an ongoing investigation that may go on indefinitely."  *Id.* at 18.  This Court later reiterated the point:

> "They [the government] will probably be turning things over well after trial... just an unfortunate feature of these January 6th trials.

March 22, 2022 Status Conference.[1]

As a consequence of the government's decision to indict before its investigation, defendants who proceed first to trial will not receive all the evidence the government has or will have assembled.  This quandary might impel a defendant to delay trial until all the

---

[1] Undersigned did not order a transcript of the Status Conference, but transcribed the above verbatim during same.

government's evidence has been provided.  Indeed, a co-defendant at liberty raised such a prospect to the Court at the March 4th hearing.  March 4 Transcript at 23.  However, a defendant subjected to pretrial detention, like Defendant Morss, must make this choice knowing that delay means even more time incarcerated.  Burdening a defendant's choice in this manner further enhances the punitive character of his pretrial detention.

### (c) Conditions of Confinement

Defendant has already been forced to seek (and receive) the emergency intercession of this Court following his assault by five guards at the DC Jail's Central Detention Facility ("CTF").  On that occasion, undersigned witnessed a sham effort by CTF staff to punish Defendant for meeting with undersigned.  Upon undersigned's departure, Defendant was taken into a room with no windows or cameras and subjected to a grossly intrusive search of his person by five guards threatening him with Tasers at point blank range.  This was only of a piece with the systemic dehumanization of January 6th defendants by the DC Jail and the CTF already documented by this Court.[2]  The conditions of Defendant's detention are clearly unrelated to any "legitimate goal" and are consequently "arbitrary" implying "that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees."  *Wolfish*, 441 U.S. at 539.

---

[2] Judge Royce Lamberth of this Court held in civil contempt the Warden of the D.C. Jail and the Director of the D.C. Dept. of Corrections [United States v. Worrell; DDC 21cr292, Doc. 106] "I find that the civil rights of this defendant have been abridged… this matter should be referred to the Attorney General of the United States for a civil rights investigation into whether the DC Department of Corrections is violating the civil rights of January 6th defendants… " *Jail Violated Rights of January 6th Defendant, U.S. Judge Says,* Sarah N. Lynch, Reuters, October 13, 2021.  N.B.  Undersigned is aware of no news report of any investigation by the Department of Justice.

### 3. Violation of Speedy Trial Right

#### (a) Violation of STA

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, is designed "to protect a defendant's constitutional right to a speedy ... trial, and to serve the public interest in bringing prompt criminal proceedings." *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993). The Act generally provides that the government must bring a criminal defendant to trial no more than 70 days after the date on which the criminal defendant first appears before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).   A pre-trial detainee, however, like Defendant, must be tried within ninety days after he is first detained. 18 U.S.C. § 3164(b); *United States v. Hines*, 694 F.3d 112, 114 (D.C. Cir. 2012); *see also* Speedy Trial Plan for US District Court for the District of Columbia, § B.9.  No detainee shall be "held in custody pending trial after the expiration of such ninety-day period." 18 U.S.C. § 3164(c).

In calculating the 70 and 90 day periods, the Act excludes certain time periods, including those related to the filing and resolution of pre-trial motions. *See Id.*; 18 U.S.C. § 3161(h)(1)-(9). The Act permits the Court to grant a continuance upon a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  The Court can consider the complexity of the case, as one factor amongst others, in determining whether the ends of justice warrant a continuance.  *Id.* at (B)(ii).

While the Court designated the case as complex, that designation, by itself, does not resolve speedy trial issues. Indeed, "the length of an exclusion for complexity must be not only limited in time, but also reasonably related to the actual needs of the case." *United*

*States v. Gambino*, 59 F.3d 353, 358 (2d Cir. 1995)(*citing United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1198 (2d Cir. 1989)).  Here, the voluminous discovery production bears more appropriately on the cases of defendants charged with more complicated facts – e.g., conspiracy.  Defendant Morss, however, faces no such charge nor is he alleged to have coordinated or collaborated in any way with anyone else.  The logistical challenges freighting the discovery disclosures are superfluous to him

Per §3164(C), Mr. Sills should be released from confinement forthwith.

### (b) Violation of Sixth Amendment Right to Speedy Trial

Irrespective of the Speedy Trial Act, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." VI Amendment, U.S. Const.  "Excessive delay in prosecuting a defendant after he is indicted or arrested violates this Sixth Amendment right."  *United States v. Tchibassa*, 452 F.3d 918, 922 (D.C. Cir. 2006)

A delay that does not violate the Speedy Trial Act may still violate the Sixth Amendment's guarantee of a speedy trial.  *United States v. Salimonu*, 182 F.3d 63, 69 (1st Cir. 1999).  The factors relevant to evaluating constitutional delay are (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice caused by the delay.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  An examination of the *Barker* factors strongly indicates Defendant's constitutional right to a speedy trial has been violated.

The first factor entails a double inquiry.  *Doggett v. United States*, 505 U.S. 647, 651 (1992).  First whether the delay has crossed the threshold from ordinary to presumptively prejudicial sufficient to trigger judicial examination of the claim.  *Id.*  Second whether the

delay extends beyond the bare minimum needed to trigger review.  *Tchibassa*, 452 F.3d at 547 – 48 (quoting *Doggett*)("the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.").

With regard to the second factor, the Court addresses "whether the government or the criminal defendant is more to blame for that delay."  *Tchibassa*, 452 F.3d at 923 (*quoting Doggett*, 505 U.S. at 651).  "[A] reviewing court must carefully examine several issues, specifically focusing on the intent of the prosecution."  *United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009).  The government's conduct herein has rendered unavoidable the undeniably foreseeable delay.

The third *Barker* factor is whether the Defendants made a timely assertion of their speedy trial rights. A "defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether [he] is being deprived of the right." *United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009) (quoting *Barker,* 407 U.S. at 531–32).  Defendant has repeatedly and consistently asserted his speedy trial rights.

With regard to the final factor, the prejudice inquiry, a court is to consider: (1) whether the defendant's pretrial incarceration was oppressive; (2) the defendant's anxiety and concern; and (3) the possibility that the delay hampered the defendant's ability to prepare his defense. *Doggett v. United States,* 505 U.S. 647, 654(1992).  Defendant's pretrial incarceration has clearly been oppressive.  Moreover, his confinement has vastly complicated his dialogue with his counsel, particularly any conjoint review of discovery.

In sum, the balance of the *Barker* factors compels the conclusion that that the Defendant's Sixth Amendment right to a speedy trial has been violated.

**Conclusion**

By forcing Defendant to choose between two rights to which he is equally entitled, the government merely reinforces the compelling reasons for his release adduced in earlier pleadings.  The Court should also note Defendant's comportment in confinement.

In over 10 months confinement – much of it under the dehumanizing circumstances of the systemic abuse of January 6th defendants meted out by the staff of CTF – Defendant has incurred not one disciplinary infraction.  To the contrary, his sense of responsibility impressed a CTF supervisor whose consideration stood in sharp contrast to the comportment of most of his colleagues and whose written endorsement accompanied Defendant's last pleading.  Additionally, a Captain at his current home, the Northern Neck Regional Jail, has also acknowledged his exemplary conduct throughout his tenure there. (See attached remark of CPT English, "Thank you for being a great help.")

Respectfully submitted,

ROBERT MORSS
By Counsel

_____/s/_____
John C. Kiyonaga

600 Cameron Street
Alexandria, Virginia 22314
Telephone: (703) 739-0009
Facsimile: (703) 340-1642
E-mail: john@johnckiyonagaa.com

Counsel for the Defendant

Certificate of Electronic Service

I hereby certify that on May 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties.

_____/s/_____
John C. Kiyonaga