UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-40 (TNM) |
| | : | |
| ROBERT MORSS, | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF PRETRIAL RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant Robert Morss's ("the defendant) motion to reconsider his pretrial release. ECF No. 283.[1] The government incorporates by reference here all previous filings regarding the defendant's detention, including: ECF No. 80 ("Government's Memorandum in Support of Pre-Trial Detention"); ECF No. 84 ("Government's Supplemental Memorandum In Support of Pre-Trial Detention"); ECF No. 87 ("Government's Second Supplemental Memorandum In Support of Pre-Trial Detention"); ECF No. 91 ("Government's Third Supplemental Memorandum in Support of Pre-Trial Detention"); ECF No. 176 ("Government's Opposition to Defendant's Motion for Pre-

---

[1] On May 9, 2022, codefendant Geoffrey Sills filed "Motion to Adopt and Join Co-Defendant Morss' Motion for Reconsideration of Pre-Trial Release." ECF No. 286. The court granted the motion via minute order on the same date. The only distinct issue raised in codefendant Sills' motion to adopt is his claim that he has "suffered medical travails not alleviated by his jailors and at least one savage beating by a fellow inmate that was ignored by the staff at his place of confinement." ECF No. 286, at 1. While these factual assertions certainly raise concerns, they are not supported by any documentary evidence nor are they proper considerations under the detention analysis established in 18 U.S.C. § 3142.

1

Trial Release").

The facts of this case have not changed: the defendant participated in a violent assault on law enforcement officers over a two-and-a-half hour period on January 6, 2021 in an effort to overtake the U.S. Capitol Building. Pursuant to 18 U.S.C. § 3142(e), there are no conditions or combination of conditions that can ensure the safety of the community, and the defendant must be detained.

## ARGUMENT

In his most recent motion for release, the defendant argues that: (1) the government has created impermissible delays in the trial of the January 6th cases with its discovery process; (2) the government has violated the defendant's Speedy Trial Act and Sixth Amendment rights; and (3) the defendant's pretrial detention is punitive. All of these arguments fail.

### I. THE DISCOVERY PROCESS HAS NOT CREATED IMPERMISSIBLE DELAYS.

The defendant argues that the government has created impermissible delays in bringing the defendant to trial. The length of time between the Fifth Superseding Indictment and the trial date in this case had little to do with the government's discovery procedures. Indeed, other trials based on the January 6, 2021 attack on the Capitol have been proceeding since March 2022. See e.g. *United States v. Guy Reffitt,* 21-cr-32; *United States v. Thomas Webster,* 21-cr-208; *United States v. Thomas Robertson*, 21-cr-34; *United States v. Dustin Thompson,* 21-cr-161. The Court also ordered that the government turn over all the materials it believed would be used in the government's case in chief on April 22, 2022, and the government complied with that request. Rather, the delay in setting a trial date was more based on the logistics of setting a nine co-

2

defendant trial, which is discussed more thoroughly in Section II.

The defendant's comparison to the government's motion for the defendant to be held pretrial as similar to detention of Guantanamo detainees is inapposite. ECF No. 283, at 2. The defense is reaching for caselaw to support their argument that is both an inappropriate comparator on the facts and wrong on the law. The primary case the defendant cites, *Boumediene v. Bush*, 553 U.S. 723 (2008), deals with the application of *habeas corpus* relief to detainees deemed "enemy combatants" by the Department of Defense's Combatant Status Review Tribunals, where some of the petitioners had been detained for six years. None of the facts or law in that case is applicable to the case here, in which the defendant is being held under the Bail Reform Act, 18 U.S.C. § 3142, for less than a year. That statute, plus the considerations of the Speedy Trial Act and the Sixth Amendment, are the proper framework for considering whether there has been unreasonable delay such that the defendant's release is required.

## II.     THE GOVERNMENT HAS NOT VIOLATED THE SPEEDY TRIAL ACT NOR THE DEFENDANT'S SIXTH AMENDMENT RIGHTS

### A. Considerations Under Bail Reform Act

When reviewing a pretrial detention decision under the Bail Reform Act, "[a] district court is not required to consider the length of pretrial detention when making its initial detention decision." *United States v. Cos*, 198 F. App'x 727, 732 (10th Cir. 2006). However, various courts have said that "at some point due process may require a release from pretrial detention or, at a minimum, a fresh proceeding at which more is required of the government than is mandated by section 3142." Id. (quoting *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986)); see also, e.g., *United States v. Colombo*, 777 F.2d 96, 101 (2d Cir. 1985).

"To determine whether the length of pretrial detention has become unconstitutionally excessive, a court must weigh: (1) its length, (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, i.e., the evidence of risk of flight and dangerousness." *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000). "While the length of pretrial detention is a factor in determining whether due process has been violated, the length of detention alone is not dispositive and 'will rarely by itself offend due process.'" *Id*. (quoting *United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993)).

The length of the detention for the defendant is presently less than one year, and his trial is set for August 29, 2022, approximately 14 months after his original arrest and detention. ECF No. 72. Courts have been loathe to proscribe an exact length of pretrial detention that is impermissible. See e.g. *United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993) ("[T]he due process limit on the duration of preventive detention requires assessment on a case-by-case basis, since due process does not necessarily set a bright line limit for length of pretrial confinement." (internal quotation marks omitted)); *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986) ("Because due process is a flexible concept, arbitrary lines should not be drawn regarding precisely when defendants adjudged to be flight risks or dangers to the community should be released pending trial.")

Yet, courts have found that periods ranging from four months to thirty months do not violate due process in light of the circumstances of individual cases. See, e.g., *United States v. Briggs,* 697 F.3d 98, 103 (2d Cir. 2012), *as amended* (Oct. 9, 2012) (finding that twenty-six-month detention did not violate due process, although court was "troubled" by defendant's long

4

detention and thought it a "close call"); *Millan*, 4 F.3d at 1049 (2d Cir. 1993) (finding that pretrial detention period "between thirty and thirty-one months without a formal finding of guilt" generally pointed in favor of finding a due process violation, but ultimately reversing district court's decision to release defendants on due process grounds); *Orena*, 986 F.2d at 630 (finding that period of "approximately nine months" did not violate due process); *United States v. Young*, No. 2:12-CR-502-TC-DBP, 2013 WL 12131300, at *3, *8 (D. Utah Aug. 27, 2013) (finding that anticipated sixteen-month detention weighed in favor of finding violation, but ultimately finding that in light of overall circumstances, there was no violation of due process); see also *United States v. Bikundi*, 599 F. App'x 4 (D.C. Cir. 2015) (summarily affirming district court's finding that detention period of around eleven months did not violate due process); *United States v. Bikundi*, No. 14-cr-30, Mem. Op. and Order, ECF No. 91 (D.D.C. Jan. 21, 2015) (original order denying defendant's motion and explaining timeline of events)); *United States v. Williamson*, 584 F. App'x 2 (D.C. Cir. 2014) (summarily affirming district court's finding that detention period of approximately four months did not violate due process; see *United States v. Williamson*, No. 14-cr-151, Order, ECF No. 52 (D.D.C. Sept. 11, 2014) (original order denying defendant's motion); see id., Order, ECF No. 5 (D.D.C. July 7, 2014) (original pretrial detention order explaining original detention timeline)); *United States v. Ali*, 459 F. App'x 2, 3 (D.C. Cir. 2012) (summarily affirming district court's finding that period of seven months, and ultimate pretrial detention of twelve months considering trial date, did not violate due process); *United States v. Ali*, No. 11-cr-0106, 2011 WL 6748503, at *1 (D.D.C. Dec. 21, 2011) (explaining timeline)).

   **B. The Timeline for This Case Demonstrates Government's Compliance with the Speedy Trial Act Despite the Length of Incarceration**

The timeline of events in this case helps illuminate why the presumptive 14-month detention is not impermissible. The defendant was arrested outside of this jurisdiction on June 11, 2021. ECF No. 72. The defendant was indicted on the Third Superseding Indictment in *United States v. McCaughey, et. al.* on June 16, 2021. ECF No. 68. On July 6, 2021, an unopposed motion to continue the detention hearing in this jurisdiction was filed, and it was granted on July 7, 2021. ECF No. 81 and 82. The hearing on the motion for pretrial detention before Magistrate Judge G. Michael Harvey was subsequently held on July 13 and 14, 2021. Supplemental pleadings were filed, and the Court gave its order in a hearing on July 20, 2021. On that same day, the government made an oral motion for exclusion of time under the Speedy Trial Act until the next hearing on August 5, 2021, which was granted by the Magistrate. See Docket Text July 20, 2021 Order.

On August 4, 2021, the Fourth Superseding Indictment in *United States v. McCaughey, et. al.* was docketed, but did not unseal until August 10, 2021. ECF No. 102. The government also filed a status report as to discovery on August 4, 2021. ECF No. 97. At the hearing on August 5, 2021, the Court excluded time under the Speedy Trial Act in the interests of justice until the next hearing on September 20, 2021. Docket Text August 5, 2021. However, due to logistical issues scheduling the next hearing, which now included all nine defendants in the Indictment, on September 20, 2021, the Court ordered the hearing date moved until October 4, 2021 and excluded time under the Speedy Trial Act in the interests of justice. Docket Text September 20, 2021. The government filed two more statuses on discovery, on August 24, 2021 (ECF No. 120) and on September 15, 2021 (ECF No. 125). Notices of rolling discovery productions were also filed throughout this time period (ECF No. 101, 133, 134, 136, 140, 149, 150).

On October 4, 2021, the defendants were all arraigned on the Fourth Superseding

6

Indictment. A motions schedule was set on pending motions, and the Court excluded time under the Speedy Trial Act in the interests of justice until the status conference and hearing on the motions on December 17, 2021. Docket Text October 4, 2021. The defendant then filed his first motion to revoke order of detention on November 4, 2021. ECF No. 164. The motion was not ruled upon until the next status on December 17, 2021. This defendant also filed a motion to join those motions filed by other defendants—namely to dismiss the 1512 charge and for selective prosecution—on November 17, 2021. ECF Nos. 171 and 172.

The Fifth Superseding Indictment was returned on December 1, 2021. ECF No. 179. At the hearing on December 17, 2021, the Court arraigned the defendants on the new indictment and ruled on several outstanding motions, including this defendant's motion to revoke the order of detention. Docket Text December 17, 2021. The Court set trial dates for each of the defendants, in two groups for ease of logistical presentation and for concerns over the still-present COVID-19 pandemic. This defendant was set for trial on August 29, 2022. Docket Text December 17, 2021. The Court also ordered that "the defendants who decide to accept a plea shall appear in person to the next status conference. The defendants who are rejecting the plea shall file something on the docket stating that they are rejecting the plea." Docket Text December 17, 2021. Time was excluded under the Speedy Trial Act in the interests of justice until the next status on February 4, 2022. Docket Text December 17, 2021.

On January 27, 2022, the the United States proposed a pretrial scheduling order. ECF No. 208. The Court declined to implement that proposed order, but asked the parties to confer and to attempt to reach agreement on a pretrial schedule. On February 4, 2022, the defendant rejected the government's plea offer on the record. Docket Text February 4, 2022. Motions to sever

7

several of the co-defendants were pending on that status date, and the Court held the government's response in abeyance as a new scheduling order was prepared. Docket Text February 4, 2022. The Court excluded time under the Speedy Trial Act until the next status on March 4, 2022. Docket Text February 4, 2022.

At the status hearing on March 4, 2022, the Court set additional briefing schedule deadlines, including Rule 12 motions and Severance motions. Docket Text March 4, 2022. The Court ordered that the government provide all evidence it intended to use in its case-in-chief by the next status on April 22, 2022. Docket Text March 4, 2022. The government also offered to hold discovery conferences with each defense counsel before the next hearing, and did so with this defendant's counsel. The Court excluded time under the Speedy Trial Act in the interests of justice until April 22, 2022. Docket Text March 4, 2022.

On April 22, 2022, the Court held another status hearing. At that hearing, the Court held that the Speedy Trial Act was tolling by statute due to pending motions. Docket Text April 22, 2022. This defendant filed a motion to join the pending motions regarding transfer of venue and dismissing certain counts of the indictment on April 25, 2022. ECF No. 278. The defendant filed the instant motion for reconsideration on May 5, 2022. ECF No. 283.

On the present indictment, no time has elapsed on the Speedy Trial Clock. The defendant's own motions tolled the clock for a portion of that time, from November 4, 2021 until December 17, 2021 (ECF No. 164, Motion to Revoke Order of Detention), and from April 25, 2022 until present (ECF No. 278, Motion to Adopt Motion to Dismiss and Transfer of Venue; ECF No. 283, Motion for Reconsideration). As noted below, the Courthouse was closed for jury trials from December 30, 2021 until February 7, 2022, and all time was excluded by Standing

Order of the Chief Judge. See *infra* Section C. All other time frames were excluded in the interests of justice by the Court.

### C. The Delay in Bringing the Defendant To Trial Does Not Lie With The Prosecution

The second factor—the extent of the prosecution's responsibility for delay of the trial—weighs in favor of continued detention in the present case. The defense argues that the government bears heavy responsibility for the delay of the trial. The record, however, does not bear that out. The Speedy Trial clock for the current indictment would have started when that Indictment was returned on December 1, 2021. Time was being excluded until the status on December 17, 2021. At that status, the trial date in this matter was set. The length of time between the indictment and the trial date in this case had little to do with the government's discovery procedures. As previously mentioned, other trials based on the January 6, 2021 attack on the Capitol have been proceeding since March 2022. See e.g. *United States v. Guy Reffitt,* 21-cr-32. Rather, the delay in setting a trial date was more based on the logistics of setting a nine co-defendant trial.

Perhaps most notably, throughout the entirety of this case, this Court has been under Standing Orders from the Chief Judge regarding the administration of trials during COVID-19 Pandemic, limiting both the number and type of trials that have been able to proceed at different times. See Standing Orders 21-10 (March 5, 2021); 21-47 (August 25, 2021); 21-62 (November 1, 2021); 21-79 (December 13, 2021); 21-83 (December 30, 2021); 22-04 (January 20, 2022); 22-07 (February 15, 2022). The defendant is charged in a multi-codefendant indictment, and executing the trial of those multiple defendants consistent with the safety protocols laid out in the standing orders, plus the trial schedules of all of the attorneys, has contributed far more than the

9

government's discovery procedures to the length of defendant's detention pretrial. Indeed, from December 30, 2021 to February 7, 2022, no jury trials were permitted to proceed under the order of the Court. Standing Orders 21-83 and 22-04. The government fully intends to start this trial on August 29, 2022, and no motions have yet been made indicating that trial will not proceed on that date.

### D. Review of the applicable 18 U.S.C. § 3142 factors, favor continued detention. [2]

The final two factors to consider—the gravity of the charges, and the strength of the evidence upon which detention was based, i.e., the evidence of risk of flight and dangerousness—are the same as those that the Court has already considered at the detention hearing in this case, and in the opposition to the prior motion for reconsideration. ECF No. 176. The defendant's actions on January 6, 2021 place him among some of the most serious offenders presently charged. The defendant is charged with multiple assaults and counts of robbery against law enforcement officers defending the Capitol on the Lower West Terrace. The defendant was dressed in tactical gear, brought googles and at least one knife, and wore goggles to avoid smoke and O.C. spray. He acted as a leader among the mob, consistently battling with law enforcement for several hours. And all of these activities are captured in photographs and videos taken on the day in question.

As the decision in *United States v. Munchel*, 991 F.3d 1273 (D.C. Cir. 2021), noted, "those who actually assaulted police officers . . . are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." 991 F.3d at

---

[2] With respect to defendant Sills, the government has already addressed the § 3142(g) factors in ECF No. 204, and would ask that those arguments be adopted here.

1284. The defendant fits squarely in the category that gave the D.C. Circuit grave concern, and nothing since his prior application for release has changed that calculus.

### III.   THE PRETRIAL DETENTION OF THE DEFENDANT IS NOT PUNITIVE.

The defense argues that both the length of the defendant's pretrial detention and the conditions of his confinement are overly punitive. The first argument is linked to the argument above regarding impermissible discovery delays (ECF No. 283, at 4); we need not rehash that argument here. The second, regarding the conditions of his confinement, are primarily based on the conditions at the D.C. Jail's Central Detention Facility. ECF No. 283, at 5. The defendant raised these same issues in his previous motion to revoke detention order and for pretrial release. ECF No. 164 at 4-5. As noted in the government's opposition to that motion, the defendant was transferred to a different facility in November 2021, rendering that issue moot. ECF No. 176, at 22.  The defendant's present motion states no claim that he has been treated unfairly at his current facility. On the contrary, the attachment to the defendant's motion indicates a good relationship with Northern Neck Regional Jail. ECF No. 283, Attachment A. Therefore, there is no change in conditions worth reconsideration of his present detention status.

### CONCLUSION

WHEREFORE, the United States respectfully requests that the Court deny the defendant's motion to detain the Defendant pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:    /s/
KIMBERLY L. PASCHALL
Assistant United States Attorney
Capitol Siege Section
D.C. Bar No. 1015665
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov