IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.     Case No.:  21-cr-40-5 (TNM)

ROBERT MORSS,

Defendant.

**MOTION IN LIMINE TO PRECLUDE CLAIM OF SELF-DEFENSE**

The United States of America respectfully moves in limine to preclude the defendant from raising a claim of self-defense. The available facts, as a matter of law, do not support a claim of self-defense because they show that the defendant was the initial aggressor, attacking a police line that had only been established because the police had been forced to fall back due to the actions of the mob. In the alternative, the government requests that the defendant provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

## INTRODUCTION

Defendant Robert Morss is charged with two counts of assaulting, resisting, or impeding a federal officer. In Counts 10 and 27 of the indictment, defendant Morss is charged with assaulting, resisting, or impeding a federal officer and aiding and abetting, in violation of 18 U.S.C. § 111(a)(1) and 2.

To meet its burden of proof at trial, the government will seek to admit video evidence showing the defendant committing assaultive conduct, when he joined the mob that overwhelmed law enforcement on the West Front of the U.S. Capitol and forced their way into the "tunnel" created by the structures present on the Lower West Terrace.  Specifically, around 2:33 p.m., as

the crowd of rioters continued to advance and law enforcement began to retreat, Morss and two unidentified individuals struggled over a black flagpole with a Metropolitan Police Department ("MPD") officer.  Around 15 seconds later, a helmet visor was thrown at the officer, from some unidentified person in the crowd, and an unidentified MPD officer attempted to pick up the visor off the ground.  Morss grabbed the visor and attempted to pull it out of the MPD officer's hands.  The MPD officer was able to pull away with the visor.  At that point, Morss lunged forward and grabbed the visor again; Morss and unidentified individuals then tried to rip the visor out of the officer's hand. (Count 10).  This attack was caught on body worn camera ("BWC") by another MPD officer nearby.



At approximately, 2:57 p.m., Morss arrived at the entrance of the tunnel. By 3:02 p.m., Morss pushed his way forward towards the line of officers guarding the Lower West Terrace doors to the Capitol. At approximately 3:11 p.m., Morss joined other rioters in a heave-ho push against the police line at the front of the tunnel, as depicted in video footage posted to YouTube. (Count 27).



The evidence shows that the defendant attacked the officers without provocation.

**ARGUMENT**

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties. 18 U.S.C. § 111(a)(1). A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton,* 690 F.2d 820, 826 (11th Cir. 1982).

"A defendant cannot claim self-defense if he was the aggressor or if he provoked the conflict upon himself." *Waters v. Lockett*, 896 F.3d 559, 569 (D.C. Cir. 2018) (internal quotation marks and citation omitted). That principle applies fully to Section 111 prosecutions. *See, e.g.*, *United States v. Mumuni Saleh*, 946 F.3d 97, 110 (2d Cir. 2019) ("Mumuni was the initial aggressor in the altercation with Agent Coughlin; as such, he could not, as a matter of law, have been acting in self-defense"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012)

3

("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault.").

The proffered video evidence demonstrates that the defendant was the initial aggressor in this case. At no point before the assaults did any officer apply force to the defendant. Indeed, the video evidence shows that the officers were attempting to maintain control over their equipment and property. Any contact made by officers attempting to push back the crowd were incidental contacts with the defendant when trying to keep order. Crowd control measures, like use of OC spray, batons, and shields, were not provocation, but defensive responses to stop the mob from entering the U.S Capitol building. It was the defendant who then initiated these violent physical attacks on the officers. He therefore cannot, as a matter of law, seek acquittal on the Section 111 charge by asserting self-defense.

Other circumstances depicted in the videos do not bear on the elements of self-defense. Defendant may have objected to law enforcement's presence at the U.S. Capitol, their effort to detain other individuals at the scene, or their directives that he move from his position and leave the area. None of that matters. *See United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (observing that "harsh words from another, insulting words, demeaning words, or even fighting words" does not provide license to "stab the offending speaker in the neck, bash their skull with a baseball bat, send a bullet to their heart, or otherwise deploy deadly force in response to the insult"). Because the defendant "was the attacker" in this case, *ibid*., he cannot advance a self-defense theory.

## CONCLUSION

For these reasons, the United States respectfully moves the Court to preclude the defendant from raising a claim of self-defense or, in the alternative, require the defendant to make a pre-trial

proffer of facts that would permit the Court to decide whether he is entitled as a matter of law to assert self-defense.

Dated June 3, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: ___/s/___
KIMBERLY L. PASCHALL
D.C. Bar No. 1015665
ASHLEY AKERS
Missouri Bar No. 69601
JOCELYN BOND
D.C. Bar No. 1008904
Assistant United States Attorneys
Capitol Siege Section
601 D Street, N.W.,
Washington, D.C. 20530
202-252-2650
Kimberly.Paschall@usdoj.gov