UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ROBERT MORSS**<br><br>   Defendant. | Case No. 21-cr-40-05 |

**GOVERNMENT'S REPLY TO**
**SENTENCING MEMORANDUM OF DEFENDANT ROBERT MORSS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby replies to the Sentencing Memorandum submitted by defendant Robert Morss on May 17, 2023. Defendant Morss seeks a significant and unsupported downward variance by asking the court to effectively throw out the entire Sentencing Guidelines calculation for Robbery, 18 U.S.C. § 2111, despite having agreed to the elements of the offense and having admitted to the facts of the robbery during his stipulated trial on August 23, 2022. The defendant further attempts to analogize his conduct to codefendant David Judd – an individual who admitted guilt to a different set of offenses – in an effort to minimize his conduct. Defendant Morss is not similarly situated to Judd and the Court should reject the inapt comparisons between these two codefendants. As previously discussed in the Government's sentencing memorandum [ECF No. 622], the case of codefendant Geoffrey Sills provides a more useful comparator, although defendant Morss's Sentencing Guidelines are higher and his sentence should reflect that reality.

1

I. **Defendant Morss's Robbery Conviction Should Be Included in his Sentencing Guidelines Calculation**

In his sentencing memorandum, defendant Morss asks the court to discard the entire Sentencing Guidelines calculation for his conviction for Robbery, in violation of 18 U.S.C. § 2111, claiming that the "conviction appears to be flawed" for a variety of reasons. The defendant's position is unsupportable in fact and law.

In the first instance, as part of his stipulated trial on August 23, 2022, Morss agreed in writing with elements of the robbery offense as set forth in the Statement of Facts [ECF No. 430, at 1-2]. He also admitted to the underlying facts of the robbery including that,

> At approximately 3:05 p.m. [he]…struggled over a police department-issued shield from the person of Metropolitan Police Department Detective P.N., who was defending the entrance door to the U.S. Capitol. Defendant Morss ultimately wrested the shield from the immediate and actual possession of Detective P.N. and then passed the shield back in the tunnel, out toward the rioters on the inaugural stage.

[ECF No. 430, at ¶ 21]. In addition, Morss agreed in writing that, "If the Court finds the existence of these facts beyond a reasonable doubt, the defendant stipulates that this evidence would establish each and every element of the charged offenses for Counts 20 [Robbery], 27, and 34…" [ECF No. 430, at 10]. In light of the stipulated facts and elements, and the fact that the Court found the defendant guilty of this offense, his arguments seeking to discard the robbery calculation appear to be a procedurally dubious method of challenging his conviction on this count.

Among his numerous complaints about the validity of Count 20, the defendant claims that § 2111 is inapplicable to his conduct because "the District of Columbia is not such a special jurisdiction" under the statute. This conclusory statement relies on a narrow interpretation of the

2

statute, which the United States does not concede, and ignores the reality that the defendant's conduct took place at the U.S. Capitol Building, a "needful building" as provided for in 18 U.S.C. § 7(3).  The statute defines the special maritime or territorial jurisdiction of the United States as:

> Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

In Morss, the United States Capitol Building and Grounds are lands reserved for the use of the United States.  *See* U.S. Const. Art. 1, Sec. 8, Clause 17 & Article 4, section 3, clause 2; 40 USC 193a (note map available at https://www.loc.gov/resource/g3852u.ct005312/?r=-0.746,-0.027,2.491,0.855,0); *see e.g.* 2 USC § 1811 (detailing the powers and duties of the Architect of the Capitol); 2 U.S.C. § 1812 (providing for the federal care and superintendence of the Capitol); and 2 U.S.C. § 1961 (designating the USCP as responsible for policing Capitol Building and Grounds).  A court may take judicial notice that a particular place falls within the special maritime and territorial jurisdiction of the United States; this is a legal question that does not require evidence to be submitted to the finder of fact.  The factual question for the finder of fact is whether the crime occurred in that place.  *United States v. Love*, 20 F.4th 407, 410-12 (8th Cir. 2021); *United States v. Davis*, 726 F.3d 357, 367-68 (2d Cir. 2013); *United States v. Hernandez-Fundora*, 58 F.3d 802, 810 (2d Cir. 1995); *United States v. Bello*, 194 F.3d 18, 26 (1st Cir. 1999) ("More generally, numerous Courts of Appeals have upheld judicial notice that a location is within the jurisdiction of the United States. *Hernandez-Fundora*, 58 F.3d at 811 (2d Cir.) (federal penitentiary); *Bowers*, 660 F.2d at 531 (5th Cir.) (federal penitentiary); *See Piggie*, 622

F.2d at 487-90 (10th Cir.) (federal penitentiary); *United States v. Lavender*, 602 F.2d 639, 641 (4th Cir. 1979) (federal highway); *Blunt*, 558 F.2d at 1247 (6th Cir.) (federal penitentiary); *United States v. Hughes*, 542 F.2d 246, 248 n. 1 (5th Cir. 1976) (military base); *United States v. Anderson*, 528 F.2d 590, 591-92 (5th Cir. 1976) (per curiam) (federal penitentiary); *United States v. Benson*, 495 F.2d 475, 481 (5th Cir. 1974) (military base); *United States v. Miller*, 499 F.2d 736, 739-40 (10th Cir. 1974) (federal penitentiary); *Hayes v. United States*, 367 F.2d 216, 218 (10th Cir. 1966) (federal penitentiary).")

The defendant additionally takes issue with his conviction under 18 U.S.C. § 2111 because apparently the Court did not consider the intent element applicable to an offense in violation of 18 U.S.C. § 2112.  It is entirely lost on undersigned counsel why the defendant believes that the Court should have imported the elements of an entirely different offense when determining whether Morss violated § 2111.  Nonetheless, that appears to be his argument.  In reply, the United States notes that the defendant was found guilty after he "knowingly" obtained property through the actual or threatened use of "force, violence, or intimidation to obtain the property."  [ECF No. 430, at 1].  Thus, his intent was to "knowingly" obtain property that he was not entitled to and he used force, violence, or intimidation to carry out his objective.  This satisfies the elements of § 2111 as charged.

Irrespective of whether the defendant later appeals or collaterally attacks his convictions, for present purposes he stands guilty of Robbery, in violation of 18 U.S.C. § 2111.  Thus, the court should include the Sentencing Guidelines calculation for Robbery as outlined in the Presentence Report [ECF No. 642, at ¶¶ 67-73] and the Government's Sentencing Memorandum [ECF No. 622, at 15].  The United States agrees with the Presentence Report that the correct

calculation for Count 20 results in a total offense level of 30.

## II. Defendant Morss's Comparison to Codefendant Judd is Inapt

Defendant Morss further argues that sentencing him "more severely than [codefendant] Judd would be nonsensical" because "they are co-defendants convicted of the same offenses and for conduct that occurred in the same place and time." [ECF No. 644, at 14]. This is factually inaccurate. Codefendant David Judd was convicted of a single count of 18 U.S.C. 111(a) for throwing a firecracker into the Lower West Terrace tunnel, and a single count of 18 U.S.C. 1512(c)(2). Unlike Morss, Judd was neither charged with nor convicted of Robbery. Judd's overall conduct on January 6th was less aggressive than that of Morss: he was charged with fewer counts, he was convicted of fewer counts, and his Sentencing Guidelines were understandably lower than those of codefendant Morss. In an effort to minimize his own conduct, the defendant claims that he "spent approximately 15 minutes at the tunnel – less than a quarter of Judd's duration." [ECF No. 644, at 14]. This statement ignores the full range of Morrs' conduct that day. While Morss may have spent roughly 15 minutes in and around the vicinity of the tunnel, he was first identified on the Lower West Terrace at 2:09 p.m. attempting to rob MPD Sgt. B.G. of his baton. Morss' conduct continued through until approximately 3:45 p.m. when he was again captured on video climbing inside of the Capitol Building through a broken window. For numerous reasons, the case of codefendant Judd is not an apt comparator when considering the appropriate sentence for Morss.

As described in our initial Sentencing Memorandum [ECF No. 622, at 27], the United States submits that the case of codefendant Geoffrey Sills provides a useful comparator to Morss in that they were both convicted of similar offenses in a stipulated trial. Further, the Court can

also draw comparisons to codefendant Patrick McCaughy, who was convicted of multiple counts of assaulting officers, including while using a dangerous weapon, along with the offense of Obstruction of an Official Proceeding. In contrast to the conduct of Judd, the conduct of Sills and McCaughey provide greater similarities to that of Morss.

### III.  CONCLUSION

For the reasons set forth above and in its Sentencing Memorandum [ECF No. 622], the United States asks that the Court resoundingly reject the defendant's request to discard the Sentencing Guidelines for Count 20 and not to rely on the inapt comparison with codefendant David Judd. The United States maintains its request that the Court impose a sentence of 109 months' incarceration, three years of supervised release, $2000 in restitution, and a mandatory assessment of $300. This sentence is at middle of the defendant's sentencing guidelines range and reflects both his conduct, as well as his acceptance of responsibility by entering into a stipulated trial.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:  */s/ Jocelyn Bond*
JOCELYN BOND
Assistant United States Attorney
DC Bar No. 1008904
U.S. Attorney's Office
601 D Street, N.W.
Washington, D.C.
202-809-0793
Jocelyn.Bond@usdoj.gov