IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Case No. 21-cr-40-TNM |
| ROBERT MORSS, | ) |
| Defendant. | ) |

**ROBERT MORSS'S RESPONSE TO THE GOVERNMENT'S REPLY TO HIS SENTENCING MEMORANDUM**

In his sentencing memorandum, Robert Morss noted that he will be sentenced on a charge which applies only to robberies committed "within the special maritime and territorial jurisdiction of the United States," 18 U.S.C. § 2111, and that apparently no court has ever held that the District of Columbia comes under such special jurisdiction. As the government filed an argument in response, ECF No. 645, Morss will briefly address it here.

The government observes that § 7 defines the special maritime or territorial jurisdiction of the United States to include:

> Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

18 U.S.C. § 7(3).

Morss, adds the government, "ignores the reality that [his] conduct took place at the U.S. Capitol Building, a 'needful building' as provided for in 18 U.S.C. § 7(3)." ECF No. 645, p. 3.

Morss does not reside in the District of Columbia. He must therefore acknowledge that he does not appreciate its legal nuances like the federal government. However, he would like to

1

offer the following observation about the statute at issue.  Section 7 refers to "any place purchased or otherwise acquired by the United States by the consent of the legislature of the State *in which the same shall be*. . ." § 7(3) (emphasis added).  That is, the "place" referred to by the statute, in which a "fort, magazine, arsenal, dockyard, or other needful building" is "erect[ed]," is to be found "*in*" "*the State*" whose "legislature" "consent[ed]" to its "purchase[] or . . . acqui[sition]" by the United States.  *Id.* (emphasis added).

But the U.S. Capitol Building—unlike the federal penitentiaries and highways in the cases cited by the government (ECF No. 645, pp. 3-4)—does not stand in a "place" located "in" a "State."  While the land on which the Capitol Building was erected once lay in a State, that has not been the case since 1790, when Maryland and Virginia ceded land to create the district.  *District of Columbia*: *Local History & Genealogy Resource Guide*, Library of Congress, available at: https://guides.loc.gov/district-of-columbia-local-history-genealogy.  The government is therefore mistaken that the U.S. Capitol Building is a "place" under § 7(3).

Dated: May 24, 2023

Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway
Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Attorney for Robert Morss*

**Certificate of Service**

2

I hereby certify that on the 24th day of May, 2023, I filed the foregoing submission with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

*/s/ Nicholas D. Smith*
Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway
Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

*Attorney for Robert Morss*
