UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT MORSS,<br><br>Defendant. | Criminal No. 21-cr-40 (TNM) |

**GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S
MOTION TO MODIFY CONDITIONS OF RELEASE**

The United States, through undersigned counsel, files this response to defendant Robert Morss' Motion To Modify Conditions of Release, ECF No. 787. The United States opposes the defendant's motion and respectfully requests that the Court deny the motion.

**I.  Factual Background**

On August 23, 2023, Robert Morss was convicted of three counts: (1) Robbery, 18 U.S.C. §§ 2111, 2; (2) Assaulting, Resisting, or Impeding Officers, 18 U.S.C. §§ 111(a)(1), 2; and (3) Obstruction of an Official Proceeding, 18 U.S.C. §§ 1512(c)(2), (2).

On June 8, 2023, the Court sentenced Morss on all three counts. Morss was sentenced, in part, to sixty-six months of incarceration, ECF No. 651 at 3, and, following his release from imprisonment, twenty-four months of supervised release, *id.* at 4. As part of the defendant's term of supervised release, the Court ordered that the defendant (1) provide the probation office access to any requested financial information and authorize release of such information, (2) not incur new credit charges or open additional lines of credit without the approval of the probation office, and (3) pay restitution in the amount of $2,000.  *Id.* at 6.

The defendant is currently incarcerated with a scheduled release date of January 1, 2026.

1

## II. Legal Authority

A district court has wide direction to impose special conditions of supervised release. *See* 18 U.S.C. § 3583(d); *United States v. Paul*, 274 F.3d 155, 164-65 (5th Cir. 2001). A court may impose any condition that it considers appropriate, so long as the condition is reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1).

Title 18 of the United States Code section 3583(e) governs modifications of conditions of supervised release. Under section 3583(e)(2), the Court may, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), modify conditions of release pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

## III. Argument

The defendant's motion to "Modify Conditions of Release," ECF No. 787, requests that the first two aforementioned conditions be removed. The defendant fails to cite the legal authority under which he seeks modification of the conditions and fails to provide any justification or argument in support of his motion to modify. At best, the defendant suggests or implies that, because he has fulfilled his financial obligations of paying restitution and the special assessment fee, all other financial conditions should be removed. ECF No. 787 at ¶¶ 3, 6.

The Court should deny this request, because it is premature. Although section 3583(e)(2) provides that a court may modify a condition of supervised release "at any time prior to the expiration or termination of the term of supervised release," courts routinely hold that motions to modify conditions of supervised release are not ripe for adjudication until such time as the enforcement of conditions is imminent. *See, e.g.*, *United States v. Roming*, 2014 WL 104390, at *2-3 (D. Minn. March 18, 2014) (listing cases) (explaining that it would be premature to modify

conditions because circumstances may change prior to the defendant's release); *United States v. Arojojoye*, 749 Fed. App'x 461, 463 (7th Cir. 2019) (affirming district court's denial of defendant's motion to modify conditions of supervised release as premature because the defendant was still incarcerated when the motion was filed). For example, in *United States v. Goyette*, 446 Fed. App'x 716, 717-718 (5th Cir. 2011), the Fifth Circuit affirmed a district court's order denying a defendant's motion to modify conditions of release. In *Goyette*, the defendant was sentenced to 46 months of incarceration and three years of supervised release after pleading guilty to "threats and false information and threats and hoaxes." 446 Fed. App'x at 716-717. The defendant's conditions of supervised release were similar (but broader) to the conditions here: an amount of restitution, that the defendant shall provide any requested financial information to the probation officer upon request, and that the defendant shall obtain approval before opening additional lines of credit. *Id.* at 717 (listing additional conditions). The defendant failed to appeal the judgment embodying the conditions and, instead, filed a motion to modify the conditions. The defendant argued that, because he satisfied the restitution and fine order, he should be relieved from the abovementioned financial conditions of supervised release. *Id.* The district court denied the motion. On appeal, the Fifth Circuit affirmed, holding that any such requested relief at that posture was premature and could only be appropriately filed after the commencement of his supervised release. *Id.* at 717-718 ("A claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Beyond being prematurely filed, the defendant does not advance any meaningful argument regarding why it is necessary or appropriate to modify the conditions of supervised release. Even crediting the defendant's suggestion that the condition should be removed because the defendant fulfilled his financial obligation—that is not a compelling reason for modifying the conditions.

3

Although financial conditions are commonly imposed in circumstances involving an order of restitution, financial monitoring is an important aspect of a probation officer's ability to effectively monitor a defendant and ensure a successful transition into the community. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition into community life."). The appropriateness of this condition is particularly acute here, where the defendant was not forthcoming to the probation officer regarding financial information during the presentence report process. *See* ECF No. 642 at ¶ 120.

To be sure, these conditions are minimally invasive and promote important interests in the defendant's supervision, as the Court determined during the imposition of the sentence after fully considering the factors set forth in section 3553(a). Both conditions serve a purpose greater than ensuring that the defendant paid his restitution. And, the extent of the continued appropriateness of the conditions can be re-examined at the appropriate time (when the conditions become effective), as the defendant may file a motion to modify conditions when release is imminent or after the commencement of his term of supervised release.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

*/s/ Ashley Akers*
ASHLEY AKERS
Trial Attorney (Detailed)
MO Bar No. 69601
Ashley.akers@usdoj.gov
(202) 353-0521