IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:2021cr00040 |
| | ) | |
| v. | ) | The Honorable Trevor N. McFadden |
| | ) | |
| ROBERT MORSS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**
*NUNC PRO TUNC*

AND NOW, to-wit, comes Defendant, Robert Morss, (hereinafter "Mr. Morss"), by and through his attorney, Komron Jon Maknoon, Esquire, and respectfully submits this Response to the Government's Opposition to Defendant's Motion to Modify Conditions of Release *Nunc Pro Tunc*.

**I.      Factual Background**

On June 8, 2023, Mr. Morss was sentenced at Robbery and Aiding and Abetting in violation of 18 U.S.C. §§ 2111 and 2 one (Count 20), Assaulting, Resisting, or Impeding Certain Officers and Aiding and Abetting in violation of 18 U.S.C. §§ 11(a)(1) and 2 (Count 27), and Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. §§ 1512 (c)(2) and 2 (Count 34).

At that time, Mr. Morss was sentenced to serve sixty-six months on Counts 20, 27, and 34 to run concurrently, twenty-four (24) months of supervised release to run concurrently, and restitution to the Architect of the Capital in the amount of $2000, and a special assessment fee of $300. The Court also ordered additional Special Conditions of Probation, which required Mr.

1

Morss to (1) provide the probation office with any requested information and authorize the release of such information and (2) refrain from incurred new credit charges or opening new lines of credit without approval of the probation office. (*See* ECF Doc. No. 651). On May 2, 2024, undersigned counsel acquired a case inquiry report from the Clerk of Courts that show all fines and restitution are satisfied (*See* Exhibit A).

## II.     Legal Authority

Title 18 of the United States Code section 3583(e)(2) states that, after considering specific factors laid out in 18 U.S.C. 3553(a), the court "…may modify… conditions of supervised release, at any time prior to the… termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."

The specific factors from § 3553(a) that require consideration are § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and notably (a)(7) "the need to provide restitution to any victims of the offense." Notably absent from consideration is § 3553(a)(2)(A), which requires examining the extent to which the condition reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.

Additionally, sections 5D1.3(d)(2) and (3) of the United States Sentencing Guidelines require imposing financial conditions only in the context of situations where the court imposes restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine.

## III.    Argument

The Defendant respectfully requests the removal of the Special Conditions of Probation regarding financial monitoring and restrictions. These conditions were imposed in connection with Mr. Morss' obligation to pay restitution, an obligation which he has satisfied in full. Since there is

no longer an obligation on Mr. Morss to pay restitution, there is no utility in imposing financial conditions meant to ensure the payment of non-existent restitution.

The purpose of financial conditions such as those imposed on Mr. Morss is to ensure the timely payment of restitution – not to further interests in punishment or rehabilitation. A close reading of applicable statutory authority does not allude to a greater purpose for financial conditions, only the narrow purpose of paying restitution. In the list of §3553(a) factors to be considered in reviewing conditions, § 3583 explicitly leaves out § 3553(a)(2)(A), punishment or respect for the law, but does include § 3553(a)(7), the need to provide restitution to victims. Additionally, the Sentencing Guidelines employ conditional language in § 5D1.3(d)(2) and (3) ("if the court imposes restitution…") that suggests an order to pay restitution is the trigger for financial conditions. Finally, the United States Courts Probation and Pretrial Services state that the purpose of financial disclosure and credit restrictions is to "set the appropriate collection parameters for monetary conditions, deter and detect economic crimes, verify and monitor self-employment, or assist disorganized, impulsive defendants to gain control of their financial situation." Administrative Office of the United States Courts Probation and Pretrial Services Office, *Chapter 3: Special Conditions of Supervision, Overview of Probation and Supervised Release Conditions* (2016). Mr. Morss does not have monetary conditions to satisfy, he is at little to no risk of committing economic crimes, and he is not in a financial situation which requires financial supervision. Mr. Morss is simply a man who acted uncharacteristically in extremely volatile and unique circumstances which he deeply regrets.

Mr. Morss did not file his Motion to Modify Conditions of Release prematurely. Section 3583 states that conditions can be modified any time prior to termination of the supervision term. Mr. Morss' supervision term is currently set to terminate on January 1, 2028, therefore he is well

3

within his statutory right to move for modification. The Fifth Circuit held, in reference to a motion to modify conditions of release, that "a claim is not ripe for review if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Carmichael,* 343 F.3d 756, 761, 762 (5th Cir.2003). It logically follows that in cases such as Mr. Morss, where the financial conditions are not contingent on future events and are in fact contingent on events that already occurred, claims for modification should be considered "ripe for review" and not prematurely filed.

**WHEREFORE**, Mr. Morrs respectfully requests the within Special Conditions of Supervision as related to financial disclosure and restrictions, be terminated.

Respectfully submitted,

*s/ Komron Jon Maknoon*

Komron Jon Maknoon, Esquire

PA I.D. # 90466
Maknoon & Associates, LLC
438 Division Street
2nd Floor
Box 584
Sewickley PA 15143
(412) 201-1802
(412) 774-8424 FAX

Attorney for Defendant, Robert Morss