IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | Case No. 21-cr-40-5 |
| ) | |
| Robert Morss ) | |
| ) | |
| Defendant. ) | |

Leave to file GRANTED
*/s/ Trevor N. McFadden* 9/4/24
TREVOR N. MCFADDEN
United States District Judge

SUPPLEMENT TO A MOTION SEEKING A
A TWO-LEVEL REDUCTION IN SENTENCE

Now comes the Defendant, Robert Morss, acting pro se and in forma pauperis, with a supplement to his motion seeking a two-level reduction in sentence pursuant to Amendment 821, Part A. Said motion was sent to the Court through prison mail on or about February 14, 2024.

As stated, the Defendant mailed his motion on or about February 14, 2024, along with supporting documentation and a request for the appointment of counsel. Sometime after the filing the Court ordered the government to respond by May 10, 2024. When no response was received the Defendant filed a motion seeking default on May 20, 2024. At no time has the Court responded to the Defendant:

- i) the Court never acknowledged the docketing of his Motion for two-level reduction;
- ii) the Court has not ruled on the appointment of counsel;
- iii) the Court never notified the Defendant that it ordered the government to respond; and
- iv) the Court did not acknowledge receipt of motion seeking default.

The purpose of this supplement is to bring to the Court's attention the recent Supreme Court decision in <u>Fischer v United States</u>, Case No. 2024 LEXIS 2880 (2024), a case involving a former Pennsylvania police officer who entered



RECEIVED
Mail Room

AUG - 1 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

the US Capital on January 6, 2021. Fischer was charged with Section 1512(c)(2). The Supreme Court ruled that the statute applies only to evidence tampering, such as destruction of records or documents of official proceedings. In the case at hand, the Defendant was charged with 1512(c)(2), and the Court enhanced his sentence as a result. Furthermore, the Defendant received a harsher sentence than just about any other defendant with similar charges.

In a related issue the Defendant is First Step Act (FSA) eligible (see Exhibit 3, p.2) which wouldn't be the case if he were a violent offender. The two-level reduction is an offspring of the FSA and should be given the same consideration. Instead, the Court enhanced his sentence even though there is no evidence that he committed a violent act,[1] has no history of violence, and zero criminal history points.

In conclusion, more than five months have passed with no communication from the Court whatsoever, the government was ordered to respond and they didn't, a motion seeking default was filed, with no response. No lawyer was assigned even though in a large majority of two-level reductions the appointment of a public defender is an automatic first step, but not in these cases. A lawyer is a necessity when you have a change in the interpretation of a statute as is the case with the Fischer decision. Anything less would violate his Sixth Amendment right to effective counsel in Lafler v Cooper, 566 US 156 (2011). The Supreme Court held that the Sixth Amendment requires effective assistance of counsel at critical stages of criminal proceedings. It's protections are not designed simply to protect the trial, even though counsel's absence [in these stages] may derogate from the accused's right to a fair

---

[1] Simple assault is not a violent act. See Mathis v United States, 579 US 500 (2016); United States v Otero, 502 F.3d 331 (3rd Cir App 2007); United States v Begey, 553 US 137 (2009).

trial. <u>United States v Wade</u>, 388 US 218, 226 (1967). A change in law is a **critical stage** and counsel should have been appointed.

Had the government and the Court addressed the issue in a timely fashion, it's likely the Defendant would be free now.[2] Therefore, he asks the Honorable Court to grant the two-level reduction in sentence.

Dated: July 25, 2024  
Cresson, PA

Submitted by,  
x_____  
Robert Morss

---

[2] With the Fischer decision the Defendant is now facing two charges instead of three.